IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DENNIS LOCK,

    Plaintiff,

v.

STATE OF OREGON, et al.,

    Defendant.
_____

Case. No. 6:14-cv-01927-MC

OPINION AND ORDER

MCSHANE, Judge:

*Pro se* plaintiff Dennis Lock seeks leave to proceed *in forma pauperis* (IFP). The Court, pursuant to 28 U.S.C. § 1915(e)(2), must screen applications to proceed IFP and dismiss any case that is frivolous or malicious, or fails to state a claim on which relief may be granted.

The complaint fails to state a claim. Although the complaint as a whole is somewhat difficult to make out, it appears Lock brings a *Bivens* action against unknown federal officers for their role in part of an incomprehensible conspiracy Lock attempts to lay out. The conspiracy looks to date back to 2009, when Lock appears to have been arrested and convicted for keeping a

1 – OPINION AND ORDER

rental car too long. Lock attempts to convince the court of his innocence of that conviction through a vague conspiracy involving Wells Fargo, his defense attorney, and unknown federal agents. What anyone actually did is impossible to make out.

A cause of action for damages may arise from unconstitutional acts by federal agents acting under federal authority. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 389 (1971). *Bivens* actions are functionally identical to section 1983 actions. *Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991). "Oregon's two-year statute of limitations for personal injury actions applies to § 1983 claims." *Cooper v. City of Ashland*, 105 (9th Cir. 1989) (per curiam) (citing O.R.S. § 12.110(1)) (internal citations omitted). As the actions here took place in 2009, Lock's claims are untimely and must be dismissed, with prejudice.

Additionally, to the extent Lock seeks to challenge the restitution he owes as part of his conviction, such a challenge must come in that case, not in an unrelated civil action against unnamed federal officers. Finally, Lock's claims could well be barred by the *Rooker-Feldman* doctrine. The *Rooker–Feldman* doctrine deprives federal district courts of jurisdiction over cases directly challenging a state court judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005); *Amerisourcebergen Corp. v. Roden*, 495 F.3d 1143, 1153 (9th Cir. 2007). In addition to barring a federal court's direct review of issues already decided by state courts, the doctrine bars claims amounting to nothing more than an impermissible collateral attack on prior state court decisions and claims that are inextricably intertwined with the forbidden appeal. *Ignacio v. Judges of U.S. Court of Appeals for Ninth Cir.*, 453 F.3d 1160, 1166 (9th Cir. 2006). In other words, if the alleged conspiracy is actually an end run challenge to his prior conviction—and it certainly appears that it is—his claim is barred. For all of the above reasons, Lock's complaint is dismissed, with prejudice.

I note Lock's current complaint bears similarities to several other complaints he recently filed seeking leave to proceed IFP. *See* 6:14-cv-1300-TC; 6:13-cv-2091-TC. Those complaints were also dismissed as part of the IFP screening process. Lock also filed other frivolous complaints on different topics, which were also dismissed at the IFP screening stage. *See* 6:14-cv-00644-MC; 6:10-cv-6097-HO. At some point, the court could label Lock a vexatious litigant, preventing him from re-filing the same causes of action over and over again. Additionally, the court could, at some point, find Lock in contempt of court for abusing the judicial process. After all, the court's patience in dismissing the same frivolous complaints time and time again will at some point run out.

As for the current complaint, the request for IFP is GRANTED and this action is dismissed, with prejudice.

IT IS SO ORDERED.

DATED this 8th day of December, 2014.

_____/s/ Michael J. McShane_____
Michael McShane
United States District Judge

3 – OPINION AND ORDER